IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 7 |
| Ray F. Garman, III, | Case No. 05-37483(BIF) |
| Debtor. | |
| Mia Garman, | |
| Plaintiff, | |
| v. | Adversary No. |
| Ray F. Garman, III, | |
| Defendant. | |

## NOTICE OF REMOVAL

Ray F. Garman, III ("Debtor") hereby submits this Notice of Removal pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure, 28 U.S.C. §1452(a) and 28 U.S.C. §157(a), and in support thereof state the following:

1. On October 14, 2005, Ray F. Garman, III filed a voluntary petition (the "Petition") for relief under Chapter 7 Title 11 of the United States code (the "Bankruptcy Code") thereby commencing this bankruptcy case (the "Debtor's Case").

2. Prior to the filing of the Petition, the Debtor's now ex-wife, Maria Elizabeth Mayer Garman ("Mia Garman") filed a Complaint for Divorce in the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania (the "State Court") against the Debtor seeking a decree of divorce. That case is captioned *Garman v. Garman*, December Term, 1996, Case No. 8468 (the "Civil Action"). A true and correct copy of the Complaint in Divorce filed in

the Civil Action is attached hereto as Exhibit "A" and a true and correct copy of the Answer and Counterclaim filed by the Debtor in the Civil Action is attached hereto as Exhibit "B". A copy of the certified copy of the Docket in the Civil Action is attached hereto as Exhibit "C".

3. In the Civil Action, on June 8, 2004, Judge James Murray Lynn entered a decree of divorce, which decree also states the various domestic obligations that the Debtor was ordered to pay to Mia Garman (the "Divorce Decree"). A true and correct copy of the Divorce Decree is attached hereto as Exhibit "D" and made a part hereof. The Divorce Decree also provided that should the Debtor fail to pay the referenced amount of equitable distribution, that a judgment would be entered for <u>support</u> in an amount equal to two times the amount awarded as equitable distribution. The Divorce Decree further specifically stated that this "change" in the characterization of the amount due was specifically so that the Debtor could not discharge the obligation in bankruptcy.

4. The Debtor did not pay all of the amounts due under the Divorce Decree.

5. On August 9, 2005, following a hearing before the Honorable Robert J. Matthews of the Court of Common Pleas regarding whether the amounts due under the Divorce Decree had been paid by the Debtor, Judge Matthews entered an order that the Debtor was in contempt for failing to pay the amounts stated in the Divorce Decree (the "Contempt Order"). A true and correct copy of the Contempt Order is attached hereto as Exhibit "E" and made a part hereof.

6. Since August 9, 2005, the Debtor has been, and remains, incarcerated at the Alternate Special Detention Unit of the Curan-Fromhold Correctional Facility located at 8101 State Road, Philadelphia, Pennsylvania pursuant to the Contempt Order.

7. The Notice filed with this Court is accompanied by a copy of the Complaint filed in the Civil Action and the Debtor's Answer and Counterclaim thereto in accordance with Rule

246419-1

9027(a)(1) of the Federal Rules of Bankruptcy Procedure. See Exhibit "A" and Exhibit "B" hereto.

8. The Civil Action, including all claims asserted therein, is a civil action other than a proceeding before the United States Tax Court, and is not a civil action by a governmental unit to enforce such governmental unit's, police or regulatory powers.

9. The Civil Action is a civil proceeding directly related to this Chapter 7 case as it relates directly to the issue of whether the claims against the Debtor's estate by Mia Garman are dischargeable by the Debtor and whether the Debtor should remain incarcerated pending a determination of that issue.

10. Additionally, the State Court, and specifically, the Honorable Robert J. Matthews, has scheduled a in the Civil Action for January 17, 2006 to determine whether the Debtor remains in contempt for failure to pay a pre-petition debt and whether the Debtor should, as a result, remain incarcerated for an additional period of time. Both the State Court's continued incarceration of the Debtor and the State Court's intent to hold a hearing and find the Debtor in continuing contempt is believed to be in violation of the automatic stay of Bankruptcy Code §362.

11. Accordingly, the Bankruptcy Court presiding over the Chapter 7 case has jurisdiction over each and every cause of action asserted in the Civil Action pursuant to 28 U.S.C. §1334(b) and 28 U.S.C. §157.

12. The claims and causes of action raised in the Civil Action, along with the Divorce Decree, the Contempt Order and the continuing actions of Mia Garman, her counsel and the State Court, will directly impact the breadth and extent of the discharge to which the Debtor may be entitled and are in direct violation of the automatic stay provisions of the Bankruptcy Code.

246419-1

The resolution of these issues will necessarily effect the administration of the Chapter 7 estate. The Civil Action is a core proceeding under 28 U.S.C. § 157(b)(2)(A),(I) and (O). In the event that any claim or cause of action asserted in the Civil Action is determined to be non-core, the Debtor consents to the entry of a final order of judgment by the Bankruptcy Judge.

13. This notice is filed within 90 days after the filing of the Petition in the Debtor's Case and therefore is being filed in accordance with Bankruptcy Rule 9027(a)(2). A true and correct copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit "F" and made a part hereof.

WHEREFORE, the Debtor, Ray F. Garman, III respectfully request that further proceedings in the Civil Action in the State Court be discontinued and that the entire Civil Action removed to the United States Bankruptcy Court for the Eastern District of Pennsylvania, and that this Court assume full jurisdiction over such action as provided by law.

          WEIR & PARTNERS LLP

          By:<u>/s/ Walter Weir, Jr., Esquire</u>
              Walter Weir, Jr., Esquire
              Jeffrey S. Cianciulli, Esquire
              Suite 500, The Widener Building
              1339 Chestnut Street
              Philadelphia, PA 19107
              (215) 665-8181
              Counsel for Debtor

Dated: December 23, 2005

246419-1