UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                : Chapter 7

RAY F. GARMAN, III                   :

      Debtor                   : Bankruptcy No. 05-37483

---

MIA GARMAN                           :

      Plaintiff                :

v.                                   :

RAY F. GARMAN, III                   : Adversary No. 05-0730

      Defendant                :

..............................................

MEMORANDUM

..............................................

On December 23, 2005, the debtor/defendant removed the above-captioned adversary proceeding from state court to this bankruptcy court, pursuant to 28 U.S.C. § 1452(a). By virtue of 11 U.S.C. § 105(a), a bankruptcy court has the power to remand a proceeding under 28 U.S.C. § 1452(b) sua sponte. See, e.g., Smith v. Wal-Mart Stores, Inc., 305 F. Supp. 2d 652, 658 n.9 (S.D. Miss. 2003); Webb v. Honeywell International, Inc., 2002 WL 32107931 (S.D. Tex. 2002); In re Casual Male Corp., 317 B.R. 472, 474 n.1 (Bankr. S.D.N.Y. 2004); In re Pacific Gas & Electric Co., 279 B.R. 561, 567 (Bankr. N.D. Cal. 2002).

On January 11, 2006, I held a hearing on notice to the plaintiff, the debtor, and the chapter 7 trustee, to show cause why this proceeding should not be equitably remanded back to state court. The plaintiff appeared through counsel and supported

remand. The debtor appeared through counsel and opposed remand. The bankruptcy trustee did not appear; thus I assume that the trustee believes the outcome of the remand question to be immaterial to his administration of the bankruptcy case.

For the following reasons, I conclude that equitable remand of this proceeding is warranted.

I.

My review of the undisputed state court rulings in this proceeding disclose the following.

The removed proceeding was originally filed in the Pennsylvania Court of Common Pleas, Philadelphia County, Family Court Division, and docketed at December Term 1996, No. 8468 with DR # 009616767. The highly contentious divorce litigation, which began in December 1996, involved disputed issues of divorce, support, custody, alimony, attorney's fees and the equitable distribution of marital property. The state court issued numerous orders in connection with this marital litigation, as detailed in the state court's opinion dated October 29, 2004.[1]

Among those orders was one dated July 23, 2003. This order awarded the plaintiff $3,000 per month in child support and $2,000 per month in spousal support from the debtor, retroactive to December 10, 1996—the date the divorce litigation commenced. The court justified its ruling by finding that the plaintiff's annual income was between

---

[1]There is also an opinion of the Pennsylvania Superior Court, dated July 15, 2005, which refers to 27 days of trial testimony in this matter between July 10, 1997 and November 2002.

2

$40,000 and $50,000, while the debtor's annual income was between $200,000 and $300,000.

A second order of relevance to the question of remand was issued by the state court dated June 8, 2004 and entered on June 9, 2004. That order, after making numerous factual findings: granted the plaintiff a decree in divorce; directed that the debtor pay the plaintiff $500,000 in counsel fees and costs; awarded to the plaintiff the ownership of all personal property and three parcels of real estate, plus all assets then in the possession or control of the debtor (which assets were valued at $1.5 million); and entered a judgment in the amount of $6 million against the debtor. The debtor was also ordered to surrender various property in his possession or control, plus satisfy the $6 million judgment to plaintiff's counsel within 30 days of the order. Upon the debtor's failure to comply with this surrender and payment directive within the 30-day period, the plaintiff would obtain a judgment against him of $3 million and/or $12 million, representing unpaid alimony arrearages. Finally, the June 9th order directed the debtor to pay $10,000 per month toward his child support, spousal support, APL and alimony arrears, plus $3,000 per month in alimony payments for 60 months.

The debtor filed a notice of appeal from that order. On August 30, 2005, the Superior Court affirmed the trial court's rulings. And on December 30, 2005, the Pennsylvania Supreme Court denied allocatur, thereby leaving the June 9th order in force.

On August 9, 2005, the state court issued an enforcement order that served as the debtor's impetus for removal of the litigation. This order recites, in part:

> After extensive hearing(s) on Mia Mayer Garman's petition
> for contempt and enforcement of orders dated June 27, 2003,
> July 23, 2007, and June 8, 2004 the following is the order of
> this court:

3

Case 05-00730-bif    Doc 11    Filed 01/12/06    Entered 01/12/06 15:38:50    Desc Main
                               Document    Page 4 of 16

> Ray Garman III is found in civil contempt of the aforesaid orders and is hereby forthwith sentenced to five (5) months and 29 days incarceration in the Philadelphia County Prison with a purge factor of $16,500,000.00 ($10,000,000.00 support, $6,000,000.00 equitable distribution; and $500,000.00 attorney's fees[)], per the order of June 8, 2004.

This August 2005 order also revoked the debtor's passport and directed him to provide certain financial information, plus an accounting of his assets as well as an inventory of personal property. In addition, he was fined $500.

In accordance with the August 9, 2005 order, Mr. Garman is presently incarcerated. This contempt ruling has been scheduled by the state court for further review on January 17, 2006.[2] On October 14, 2005, the debtor filed a voluntary petition in bankruptcy under chapter 7.[3] On December 23, 2005, he filed a notice of removal of the matrimonial litigation.

II.

The debtor removed the state court divorce action to this court pursuant to 28 U.S.C. § 1452(a). Section 1452(b) provides that "[t]he court to which such claim or

---

[2]The debtor filed an appeal from this contempt order with the Pennsylvania Superior Court, arguing, inter alia, that he had no ability to comply with the June 8, 2004 order and thus could not be held in civil contempt. On August 17, 2005, the Superior Court granting a stay of contempt order conditioned upon the debtor's posting a supersedeas bond in the amount of $1 million and surrendering all of his passports. The debtor apparently did not meet these conditions and later elected to discontinue his appeal on September 17, 2005.

[3]This bankruptcy petition is the debtor's second. On September 22, 1999, he filed a voluntary petition under chapter 11. No reorganization plan was ever approved and the case was dismissed, at the debtor's request and without opposition, on April 19, 2000. At the hearing on his dismissal request, the debtor argued that the plaintiff's claims and interests would be addressed in the pending state court divorce litigation.

4

cause of action is removed may remand such claim or cause of action on any equitable ground." This subsection grants very "broad discretion" to the court to remand a removed proceeding back to the state court from which it has been removed or to deny the remand request. See, e.g.,1 Collier on Bankruptcy ¶ 3.07[5] (15th ed. rev. 2005).

In general, among the factors to be considered by a court in determining whether equitable grounds to remand exist are:

> 1. the court's duty to decide matters properly before it;
>
> 2. plaintiff's choice of forum as between state and federal courts;
>
> 3. nature of the claim or claims, that is, whether purely state law matters which could be better addressed by the state court are involved;
>
> 4. prejudice to involuntarily removed parties;
>
> 5. comity considerations;
>
> 6. economical and/or duplicative use of judicial resources and
>
> 7. effect a remand decision would have on the efficient and economic administration of the estate.

Gorse v. Long Neck, Ltd., 107 B.R. 479, 482 (D. Del. 1989); see, e.g., Drexel Burnham Lambert Group, Inc. v. Vigilant Insurance Co., 130 B.R. 405, 407 (S.D.N.Y. 1991); see also 1 Collier on Bankruptcy, ¶ 3.07[5] (15th ed. rev. 2005), identifying the relevant factors as including:

> *–forum non conveniens*;
>
> –a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court;
>
> –a holding that a state court is better able to

5

>    respond to a suit involving questions of state
>    law;
>
>    –a situation in which trial had already been held
>    in the state court, that court had issued its
>    opinion, and all that remained for it to do was
>    enter judgment;
>
>    –the expertise of the court in which the matter
>    was pending originally, e.g., the Court of
>    Federal Claims or the Court of International
>    Trade.
>
>    These and other equitable considerations might lead a district
>    court to remand removed claims and causes of action.

(footnotes omitted).

The debtor posits that remand of this proceeding would be inequitable because: civil contempt proceedings are automatically stayed by his bankruptcy filing; he is entitled to immediate release from incarceration[4]; and the non-support obligations imposed by the June 8, 2004 order are dischargeable in this bankruptcy case. See Letter of Walter Weir dated December 22, 2005, at 3. Thus, he maintains that equity requires this court to interpret the scope of the bankruptcy stay and the scope of the discharge injunction, and that those issues are best decided by retaining jurisdiction over this proceeding.

The plaintiff does not dispute this court's power to decide issues regarding the bankruptcy stay and bankruptcy discharge. Indeed, she acknowledges that this court would retain jurisdiction to decide litigation involving the scope of the debtor's discharge as well as disputes over the scope of the bankruptcy stay, even if this proceeding were

---

[4]Indeed, the debtor's assertion that the filing of a bankruptcy petition must release any debtor incarcerated prepetition for civil contempt by virtue of the bankruptcy stay would, if correct, have far reaching implications for federal-state court relations.

remanded. (The debtor also concedes this point, as he must. I hear many disputes regarding effect of a bankruptcy filing upon pending state court litigation without that litigation first being removed to this court.) The plaintiff contends, however, that this proceeding should be remanded so that the state court would again have jurisdiction to hear those disputes between these parties that would not violate the automatic stay and any later discharge injunction.

As will be seen, the intended effect of the debtor's opposition to remand of the state court litigation is not to empower this bankruptcy court to resolve disputes involving the bankruptcy stay or discharge, but to disable the state court from exercising concurrent jurisdiction over a particular issue regarding the stay. The circumstances underlying this proceeding, however, do not support the debtor's opposition.

In considering the question of remand, I note that if a party were permitted to remove an entire state court divorce action to bankruptcy court, the bankruptcy court would be improperly transposed into a federal domestic relations court. Federal courts, as a matter of comity, have long held that "domestic relations matters . . . should properly be reserved to the state courts." In re Harrell, 754 F.2d 902, 907 (11th Cir. 1985); accord Thompson v. Thompson, 484 U.S. 174 (1988); Roberge v. Buis, 95 F.3d 42 (Table), 1996 WL 482686, at *2 (4th Cir. 1996).

Although the debtor argues that the state court litigation is now complete but for the civil contempt issue, this argument overlooks that state law appears to permit a party in a matrimonial dispute to seek modification of support, alimony and even equitable property distribution awards, as well as the enforcement of those orders. See Romeo v. Romeo, 417 Pa. Super. 180 (1992). Removal of this lawsuit from state court

7

would deprive that court from jurisdiction to address those issues. See, e.g., In re Princess Louise Corp., 77 B.R. 766, 773 (Bankr. C.D. Cal. 1987) (if the entire state court litigation is removed, "the state court has no further jurisdiction with respect to that action until such time as this court may remand part or all of the state court action").

Recognizing this problem, debtor's counsel orally argued that this court should, in effect, simply retain jurisdiction over the civil contempt issue and return all other issues to the state court. In theory, such a partial remand may be permissible. See, e.g., DVI Financial Services Inc. v. Cardiovascular Laboratories, Inc., 2004 WL 727105, *2 (Bankr. E.D. Pa. 2004) ("[A] bankruptcy court has the equitable power to remand some or all of the claims removed under § 1452(b).") (citing In re RBGSC Investment Corp., 253 B.R. 369 (E.D. Pa. 2000)). However, the civil contempt issue is not so easily segregated from the residual power of a state court to enforce or modify its earlier rulings, such as child and spousal support, or counsel fees in connection therewith. Moreover, these are obligations that the debtor may concede are not dischargeable in bankruptcy. See 11 U.S.C. § 523(a)(5). Contempt is a permissible method of enforcement of domestic relations orders in Pennsylvania. See Sinaiko v. Sinaiko, 445 Pa. Super. 56 (1995); 23 Pa. C.S.A. § 3502(e)(6); Pennsylvania Family Law Practice & Procedure, § 18-2 (5th ed. 2004).

Moreover, the debtor's suggestion of a partial remand does not address all of the equitable implications of the debtor's procedural maneuver of removal. As mentioned in my prior order scheduling the show cause hearing, to the extent the debtor's removal effort is simply a mechanism to obtain federal court review of a state court contempt decision believed to be improper, equitable remand would be appropriate.

In holding the debtor in civil contempt, the state court must have implicitly found that the debtor has the ability to purge the contempt and comply with its earlier orders. See, e.g., Barrett v. Barrett, 470 Pa. 253, 263-64 (1977). If that finding is incorrect, the debtor had the ability to seek review in the state court system. (Indeed, the parties have provided me with a copy of a decision issued by the Pennsylvania Superior Court, dated July 15, 2005, wherein that appellate court overturned an earlier contempt order directed against this debtor.) Jurisdictional principles found in the Rooker-Feldman doctrine would deprive this court of the power to review or overturn that finding. See, e.g., In re Knapper, 407 F.3d 573 (3d Cir. 2005); Boyce v. Dembe, 47 Fed. Appx. 155, 2002 WL 31151328 (3d Cir. 2002); see also In re Henderson, 324 B.R. 302 (Bankr. W.D. Ky. 2005); see also Chadwick v. Janecka, 312 F.3d 597 (3d Cir. 2002) (federal habeas corpus relief was unavailable to an individual incarcerated under state law for failing to comply with a matrimonial order). Removal of the litigation should not alter that constraint. See In re Briarpatch Film Corp., 281 B.R. 820, 829-30 (Bankr. S.D.N.Y. 2002).

To circumvent that jurisdictional concern, the debtor has narrowed his position at the show cause hearing even further. Not only is he agreeable to a partial remand of the non-contempt issue, he now suggests that I need not review that state court contempt decision; I need only determine whether further contempt is warranted.[5] This

---

[5] As I noted in open court, at bottom this bankruptcy case appears to be premised on the debtor's belief that a federal bankruptcy court need not grant preclusive effect to the state court's implicit factual finding that the debtor had the ability in August 2005 to comply with the various orders awarding the plaintiff substantial sums.

To impose civil contempt in August 2005 upon the debtor, the state court must have found that the debtor had at the time of incarceration the financial ability to comply with the
(continued...)

9

suggestion unpersuasively overlooks that the state court has much greater expertise than I in the enforcement of its matrimonial orders, and has already conducted extensive hearings on the debtor's ability to comply with the court imposed obligations, including hearings regarding his financial condition.[6] Indeed, after ten years of litigation, the state court is much more knowledgeable than I am regarding the factual and legal issues surrounding the question of the debtor's compliance with its orders or whether they should be modified.

Obviously, the state court is more capable than I am to enforce its matrimonial orders. However, in the debtor's view, I am more capable than the state court to decide whether continued enforcement of those prior orders via civil contempt would violate the bankruptcy stay found in 11 U.S.C. § 362(a). Unless the proceeding is removed from the state court, thus depriving the state court of jurisdiction, the debtor fears that the state court would, on January 17, 2006, in connection with its scheduled review hearing, adjudicate the scope of the bankruptcy stay, and do so in a manner adverse to his position. (Indeed, the letter sent by debtor's counsel to the state court,

---

[5](...continued)
June 2004 order. The debtor filed his bankruptcy case just two months later in October 2005. In his bankruptcy schedules, the debtor does not disclose any significant assets, let alone assets worth millions of dollars. He has been in prison since the issuance of civil contempt; therefore it would be extremely unlikely that the debtor could have validly transferred or spent such valuable property in that two month period. If he had multimillion dollar assets in August 2005, he still had them in October 2005.

A chapter 7 debtor has a duty to disclose all of his assets to the bankruptcy trustee and to creditors under section 521. A failure to do so would justify the denial of a bankruptcy discharge pursuant to section 727(a). Accordingly, as the debtor does not disclose assets of significant value on his schedules, he must take the position in this court that the implicit finding of the state court to the contrary is not binding in this forum.

[6]In the debtor's emergency petition filed with the Pennsylvania Superior Court seeking a stay of the contempt order, he notes in ¶ 1 that the contempt hearing took two days.

10

dated December 22, 2005, implicitly reveals as much). Moreover, he fears that such an adverse decision would be preclusive in this forum. See In re Siskin, 258 B.R. 554 (Bankr. E.D.N.Y. 2001).

To the extent that the bankruptcy stay enjoins certain action, only a bankruptcy court has the jurisdiction under section 362(d) to terminate, modify, condition or annul the stay. See Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991) ("Only the bankruptcy court with jurisdiction over a debtor's case has the authority to grant relief from the stay of judicial proceedings against the debtor."). The Third Circuit Court of Appeals has held, however, that a non-bankruptcy court may determine whether litigation pending before that forum is within the scope of the bankruptcy stay:

> We have no difficulty deciding that we may determine the applicability of the automatic stay. As the Second Circuit has said, "[w]hether the stay applies to litigation otherwise within the jurisdiction of a district court or court of appeals is an issue of law within the competence of both the court within which the litigation is pending . . . and the bankruptcy court supervising the reorganization." In re Baldwin-United Corporation Litigation, 765 F.2d 343, 347 (2d Cir. 1985). The court in which the litigation claimed to be stayed is pending thus "has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay." Id.; see also NLRB v. Edward Cooper Painting, Inc., 804 F.2d 934, 936, 938-39 (6th Cir. 1986) (court of appeals has jurisdiction to determine whether the automatic stay applied to NLRB proceeding pending before it); Hunt v. Bankers Trust Co., 799 F.2d 1060, 1069 (5th Cir. 1986) (court has jurisdiction to determine automatic stay provision's applicability to case pending in Texas district court). Cf. EEOC v. Hall's Motor [Transit] Co., 789 F.2d 1011, 1013 (3d Cir. 1986) (filing of bankruptcy petition does not act as automatic stay of suit under Title VII). Finding that we have jurisdiction to determine the applicability of the automatic stay provision to the pending petition for enforcement, we

11

> turn to the question whether the automatic stay provision
> applies to the instant action.

Brock v. Morysville Body Works, Inc., 829 F.2d 383, 387 (3d Cir. 1987); see also Pettibone Corp. v. Easley, 935 F.2d 120 (7th Cir. 1991); In re Greene, 1999 WL 689711, at * 4 (E.D. Pa. 1999). Indeed, Pennsylvania courts have noted that they "possess[] concurrent jurisdiction to address the issues relating to [the bankruptcy] stay . . . ." Commonwealth, Dept. of Environmental Resources v. Ingram, 658 A.2d 435, 436 (Pa. Cmwlth. 1995); see Krystal Jeep Eagle, Inc. v. Bureau of Professional and Occupational Affairs, 725 A.2d 846, 850 (Pa. Cmwlth. 1999).

This recognition of state court concurrent jurisdiction to interpret and enforce subsections 362(a) and (b) of the Bankruptcy Code is consistent with the more general principle that federal statutes may be interpreted and enforced in state courts unless Congress has granted, either explicitly or implicitly, exclusive jurisdiction to a federal forum. See generally Tafflin v. Levitt, 493 U.S. 455 (1990). Indeed, there is a rebuttable presumption in favor of such concurrent jurisdiction. Id. at 459.

Accordingly, the debtor is correct that if this entire proceeding is remanded back to the state court, that court would have the subject matter jurisdiction to determine whether further enforcement via civil contempt would violate the bankruptcy stay. Therefore, after hearing the various arguments of counsel, it appears that the underlying

question posed by the current remand dispute is whether equity supports denying the state court the power to reach that issue.[7]

I conclude that the appropriate answer to that question is no; the state court should not be denied such jurisdiction. In light of the circumstances surrounding this dispute—including: the adverse findings made by the state court concerning the debtor's credibility and financial condition; the ten years of litigation that has already taken place in state court, see Christie v. Chong, 2002 WL 598428 (N.D. Cal. 2002) (remanding long-standing divorce related litigation under section 1452(b)); the fact that this is not the debtor's first bankruptcy filing and in the prior case he agreed that the equitable distribution matter would be adjudicated in state court; and the subject matter of the litigation (matrimonial issues that should normally be outside the sphere of federal court interference)—I conclude that equity and comity support returning this proceeding to state court jurisdiction. See In re Briarpatch Film Corp., 281 B.R. at 831 (court equitably remands litigation so the state court can proceed with a civil contempt hearing).

If issues should later arise in this bankruptcy case regarding the bankruptcy stay or the scope of the discharge, and if preclusion principles do not bar my determination, such issues may be adjudicated on their merits in this forum. But the facts do not support depriving the state court of any concurrent jurisdiction it may have.

---

[7]The debtor may overstate the significance of the bankruptcy stay in his dispute with the plaintiff. If the stay created by section 362(a) does apply to civil contempt hearings involving the debtor (an issue I do not now decide), the plaintiff could move in this court to terminate the stay under section 362(d). An appellate court has noted that relief from the stay should normally be granted in such circumstances. Carver v. Carver, 954 F.2d 1573, 1578 (11th Cir.), cert. denied, 506 U.S. 986 (1992) ("When requested, such relief [from the bankruptcy stay] should be liberally granted in situations involving alimony, maintenance, or support in order to avoid entangling the federal court in family law matters best left to state court.").

13

Accordingly, an order shall be entered remanding this proceeding to state court.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| RAY F. GARMAN, III | : | |
| Debtor | : | Bankruptcy No. 05-37483 |
| MIA GARMAN | : | |
| Plaintiff | : | |
| v. | : | |
| RAY F. GARMAN, III | : | Adversary No. 05-0730 |
| Defendant | : | |

..................................................

ORDER

..................................................

AND NOW, this 12th day of January 2006, for the reasons stated in the accompanying memorandum, it is hereby ordered that this adversary proceeding is remanded to the state court pursuant to 28 U.S.C. § 1452(b).

_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

Mr. Ray F. Garman, III
P.P. #9987022
Alternate Special Detention Center
8101 State Road
Philadelphia, PA 19136

Jeffrey S. Cianciulli, Esquire
Weir and Partners, LLP
1339 Chestnut Street, Suite 500
Philadelphia, PA 19107

Scott M. Orloff, Esquire
Willig, Williams & Davidson
1814 Chestnut Street
Philadelphia, PA 19103

Gary F. Seitz, Esquire
Chapter 7 trustee
The Bayard Firm, P.O. Box 25130
222 Delaware Avenue, Suite 900
Wilmington, DE 19899

The Honorable Robert J. Matthews
Court of Common Pleas of Philadelphia County
Family Court Division
34 South 11th Street, Room 203
Philadelphia, PA 19107